IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-188-D

S.J., a minor, et al., )
)
    Plaintiffs, )
)
v. ) **ORDER**
)
LENDLEASE (US) PUBLIC )
PARTNERSHIP HOLDINGS, LLC, et al., )
)
    Defendants. )

Before the court is the motion [D.E. 26] by Defendants Lendlease (US) Public Partnerships, LLC, Lendlease (US) Public Partnerships, Holdings LLC, AMCC Managing Member LLC, Atlantic Marine Corps Communities LLC, AMCC Property Management LLC, WR South LLC, and Winn Management Group LLC (collectively "Defendants") to stay discovery pending resolution of their motion to dismiss [D.E. 12] for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. Defendants contend that (1) resolution of the dismissal motion may obviate the need for, or significantly impact the scope of, any discovery and that deferral of discovery until after such resolution would preserve the court's and the parties' time and other resources; (2) Plaintiffs indicated that they may move to remand this matter to state court, which, if so would obviate the need for discovery;[1] and (3) as this case is automatically selected for mediation, mediation has the potential to moot the need for any discovery.

On December 8, 2021, Defendants filed a Motion for Emergency Relief [D.E. 29] requesting an immediate ruling on the Motion to Stay Discovery [D.E. 26]. Plaintiffs filed a response in opposition [D.E. 30] to the relief sought in both the Motion for Emergency Relief and

---
[1] This argument for a stay of discovery is now moot in that Plaintiffs filed a notice [D.E. 37] regarding the Motion to Stay Discovery which included a statement that Plaintiffs had elected not to move to remand this matter.

the Motion to Stay Discovery. On December 9, 2021, the undersigned issued an order [D.E. 32] granting in part and denying in part Defendants' Motion for Emergency Relief – staying the parties' deadlines for the Rule 26(f) conference and the subsequent filing of a Rule 26(f) report until the court's ruling on Defendants' Motion to Stay Discovery. Subsequently, on December 20, 2021, Plaintiffs filed a notice [D.E. 37] regarding the Motion to Stay Discovery which included a statement that Plaintiffs had elected not to move to remand this matter. Defendants filed a response [D.E. 39] to Plaintiffs' notice. On January 11, 2022, the court held a remote hearing via video teleconference[2] to address the Motion to Stay Discovery [D.E. 26] and the parties' related filings.

"Rule 26(c) of the Federal Rules of Civil Procedure permits a court, on motion by '[a] party or person from whom discovery is sought[,] . . . [to], for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" *Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020) (alterations in original) (quoting Fed. R. Civ. P. 26(c)). "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp. v. Growth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). And, "whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket." *Westfield Ins. Co. v. Weaver Cooke Constr., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *2 (E.D.N.C. Mar. 1, 2017) (citation omitted). "The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions." *Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019) (citing *Tilley v. United States*, 270 F. Supp. 2d

---

[2] This hearing was originally scheduled to take place in-person [D.E. 42]; however, the court granted Defendants' unopposed motion [D.E. 43] to hold the hearing remotely for the COVID-related reasons stated in the motion.

731, 735 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004), *cert. denied*, 543 U.S. 819 (2004)).

In exercising its judgment, the court must weigh the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (quoting *Tilley*, 270 F. Supp. 2d at 735). However, "[c]ourts should not stay discovery where discovery is still necessary to gather facts to defend against a dispositive motion." *Nat'l Coatings & Supply, Inc.*, 2020 WL 9813550, at *1 (citing *Remy*, 2019 WL 7631113, at *2)).

The court finds that Defendants have shown good cause for the stay requested on the terms provided herein. Except as ordered below regarding mediation, the Motion to Stay Discovery is therefore ALLOWED, and all discovery in this case, including the convening of a Fed. R. Civ. P. Rule 26(f) conference and filing of a discovery plan, is STAYED pending entry of the order disposing of the motion to dismiss. The parties shall file a discovery plan within fourteen (14) days after such entry, if one or more claims remain in this court.

Furthermore, at the hearing on January 11, 2022, the parties stated that they had agreed to mediate this case and that they had scheduled a mediation to take place on March 2, 2022. It is important that the mediation proceed as scheduled to promote the timely and efficient conduct of proceedings in this case and judicial economy. It is therefore ORDERED that the mediation shall

3

be held on March 2, 2022, as previously agreed upon by the parties. Except as provided herein, the mediation shall be subject to the provisions of Local Civil Rules 101.1d and 101.1e, E.D.N.C., including the sanctions provisions of Local Civil Rule 101.1d(h).

Both parties have also expressed the need to exchange information and documents prior to March 2, 2022, so that the parties can engage in a meaningful mediation. However, it did not appear that an agreement to exchange information had been reached prior to the hearing. During the hearing, Plaintiffs agreed to provide certain records requested by Defendants in exchange for Defendants' reciprocal provision of certain documents requested by Plaintiffs, and Defendants concurred. It was apparent that the parties' ostensible agreement did not include a clear specification of the particular documents to be produced.

In order to provide the parties needed structure for the exchange of information relevant to the mediation on March 2, 2022, the court ORDERS[3] that:

a. No later than January 27, 2022, each party may serve on any other party up to five (5) interrogatories, including all discrete subparts, absent consent of the party served to or court approval of a larger number.

b. No later than January 27, 2022, each party may serve on any other party up to five (5) requests for production pursuant to Rule 34, absent consent of the party served to or court approval of a larger number.

c. Unless otherwise agreed by the parties, responses to interrogatories and requests for production shall be provided to the requesting party within fourteen (14) days of service of the request. Documents being produced shall be served with the response to the discovery request to which the documents relate.

d. Any objection to interrogatories or requests for production shall be stated with particularity. Boilerplate objections (e.g., objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence") may be treated as a failure to answer pursuant to Rule 37(a)(4).

---

[3] Generally, discovery is not permitted until after the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d). However, the court has discretion to alter the timing and sequence of discovery. Fed. R. Civ. P. 26(b)(2), (d).

The parties may stipulate to extensions of time to respond to the interrogatories and requests for production ordered herein and do not need to seek court approval unless the proposed extension would interfere with the time set for mediation. By signing the interrogatories and production requests, counsel certifies that he/she believes in good faith that the discovery sought in each of the interrogatories or production requests is reasonably necessary for him/her and his/her clients to prepare for the mediation on March 2, 2022.

SO ORDERED, this the 13th day of January, 2022.

_____
Brian S. Meyers
United States Magistrate Judge