IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:21-CV-00188-D

| | |
|---|---|
| S.J., T.J, and S.L.J., minors, by their Guardian *ad Litem*, Lindsey Johnson; SCOTT JOHNSON; and LINDSEY JOHNSON, <br><br> Plaintiffs, <br><br> v. <br><br> LENDLEASE (US) PUBLIC PARTNERSHIPS LLC; ATLANTIC MARINE CORPS COMMUNITIES LLC; and AMCC PROPERTY MANAGEMENT LLC, <br><br> Defendants. | REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS <br><br> Fed. R. Civ. P. 12(b)(6) |

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    I.    The majority of Plaintiffs' arguments fail because the law of the case doctrine does not apply to denials of a motion to dismiss. ........................... 2

    II.    Plaintiffs' claims fail under Rule 12(b)(6). ..................................................... 3

        A.    Because the lease's forum selection clause does not apply to the non-AMCC Defendants, Plaintiffs' claims as to those Defendants are barred by the federal enclave doctrine. .................................................... 3

        B.    Plaintiffs' allegations in the Fifth Complaint compound the confusion and inadequacy of their prior Complaints. ............................. 5

        C.    Plaintiffs do not address, and thus concede, that their UDTPA claim fails because it merges with their breach of contract claim. .................. 5

        D.    Plaintiffs' private nuisance claim fails because a property owner cannot be liable for a nuisance affecting only its own property. ............. 6

        E.    Punitive damages are unavailable for the vast majority of Plaintiffs' claims and, moreover, Plaintiffs have not adequately pleaded the elements of punitive damages ............................................................... 7

        F.    Plaintiffs' request for attorney fees' must be struck because their post-suit efforts, by definition, cannot satisfy the lease's *pre*-suit mediation requirement ............................................................................ 9

CONCLUSION ...................................................................................................... 10

CERTIFICATE OF SERVICE ................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arrow Enter. Computing Sols., Inc. v. BlueAlly, LLC*,
   2017 WL 876266 (E.D.N.C. 2017) ................................................................................ 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................... 9

*Burn v. Lendlease*,
   7:20-CV-00174-D (E.D.N.C. Jun. 13, 2022) ................................................................. 9

*Carland v. Jordan*,
   2012 WL 3262939 (W.D.N.C. 2012) ............................................................................. 8

*Collins v. St. George Physical Therapy*,
   141 N.C. App. 82, 539 S.E.2d 356 (Ct. App. 2000) ...................................................... 8

*Colon v. United States*,
   320 F. Supp. 3d 733 (D. Md. 2018) ............................................................................... 4

*EEOC v. Waffle House, Inc.*,
   534 U.S. 279 (2002) ....................................................................................................... 4

*In re NC Swine Farm Nuisance Litig.*,
   2017 WL 5178038 (E.D.N.C. 2017) .......................................................................... 6, 7

*Kelly v. Lockheed Martin Servs. Grp.*,
   25 F. Supp. 2d 1 (D.P.R. 1998) ..................................................................................... 4

*Kinetic Concepts, Inc. v. Convatec Inc.*,
   2010 WL 1667285 (M.D.N.C. 2010) ............................................................................. 5

*Lufthansa Sys. Infratec GmbH v. Wi-Sky Inflight, Inc.*,
   894 F. Supp. 2d 677 (E.D. Va. 2012) ............................................................................ 3

*Moore v. Wal-Mart Stores E., LP*,
   2017 WL 11488631 (W.D.N.C. 2017) ........................................................................... 9

*N.C. Eye Bank, Inc. v. High Energy Ozone, LLC*,
   2019 WL 6730961 (M.D.N.C. 2019) ........................................................................... 10

*Plotkin v. Lehman*,
   1999 WL 259669 (4th Cir. 1999) .................................................................................. 2

*State ex rel. Cooper v. W. Sky Fin., LLC*,
 2015 WL 5091229 (N.C. Sup. Ct. 2015) .................................................................. 4

*Superior Edge, Inc. v. Monsanto Co.*,
 964 F. Supp. 2d 1017 (D. Minn. 2013) .................................................................... 3

*TFWS, Inc. v. Franchot*,
 572 F.3d 186 (4th Cir. 2009) ................................................................................... 2

*Triad Int'l Maint. Corp. v. Guernsey Air Leasing, Ltd.*,
 178 F. Supp. 2d 547 (M.D.N.C. 2001) ..................................................................... 3

*U.S. Tobacco Coop., Inc. v. Certain Underwriters at Lloyd's*,
 2021 WL 1341360 (E.D.N.C. 2021) ..................................................................... 5, 7

*Wells Fargo Bank, N.A. v. Scarlett*,
 2013 WL 4401315 (D. Md. 2013) ............................................................................ 9

*Wiesman v. Hill*,
 629 F. Supp. 2d 106 (D. Mass. 2009) ..................................................................... 6

*Williams v. Deutsche Bank Sec., Inc.*,
 2005 WL 1414435 (S.D.N.Y. 2005) ........................................................................ 3

## Statutes

28 U.S.C. § 5001(b) .......................................................................................................... 4

N.C. Gen. Stat. § 1D-15(a)(1-3) ....................................................................................... 8

## Rules

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 3

INTRODUCTION

Plaintiffs again wrongly argue the law-of-the-case bars the Court from considering Defendants' Motion to Dismiss. They even go so far as to improperly apply the doctrine to arguments on which the Court has not previously ruled. Pursuant to well-settled law, the law-of-the-case doctrine does not apply to interlocutory orders, including this Court's prior order on Defendants' first motion to dismiss. This Court can and should dismiss Plaintiffs' claims in their entirety for a number of reasons.

*First*, the federal enclave doctrine bars Plaintiffs' claims as to the non-AMCC Defendants because those Defendants cannot possibly be bound by the lease's choice of law provision. *Second*, Plaintiffs' confused allegations against non-signatories fail to provide Defendants adequate notice of their claims. *Third*, Plaintiffs do not address, and thus concede, that their UDTPA claim fails because it is based entirely on contractual allegations. *Fourth*, Plaintiffs, as tenants of Defendants' housing unit, cannot sue Defendants for private nuisance. *Fifth*, Plaintiffs' punitive damages request is inadequately pleaded because punitive damages are unavailable for the majority of Plaintiffs' claims; and, in any event, Plaintiffs have not adequately pleaded the elements of punitive damages. *Finally*, Plaintiffs' failure to engage in mediation before filing this action deprives them of any right to attorneys' fees.

1
Case 7:21-cv-00188-D   Document 81   Filed 02/21/23   Page 5 of 17

# ARGUMENT

## I. The majority of Plaintiffs' arguments fail because the law of the case doctrine does not apply to denials of a motion to dismiss.

Plaintiffs have again sought refuge in the inapplicable law-of-the-case doctrine. *See* Dkt. 75 at 5. This time, however, Plaintiffs merely swap out their case cites while still making the same unfounded assertions. The Court should reject Plaintiffs' invitation to invent new—and incorrect—law.

Plaintiffs' reliance on "law of the case" ignores a fundamental limitation of the doctrine. Specifically, Plaintiffs ask the Court to treat its prior Order on Defendants' earlier motion to dismiss as the "law of the case," despite the fact that the law of the case doctrine "does not apply to interlocutory orders such as a motion to dismiss." *Arrow Enter. Computing Sols., Inc. v. BlueAlly, LLC*, 2017 WL 876266, at *2 n.1 (E.D.N.C. 2017); *see also Plotkin v. Lehman*, 1999 WL 259669, at *1 (4th Cir. 1999) (explaining denials of motions to dismiss "do not constitute the law of the case.").

Plaintiffs have no excuse for ignoring this limitation as Defendants have pointed out at least twice now. Dkt. 65 at 4; Dkt. 69 at 23-24. Moreover, Plaintiffs do not even correctly interpret their own cited cases. Plaintiffs cite *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009), for the proposition that the law-of-the-case doctrine applies unless Defendants can establish some exception. Dkt. 75 at 5. But by its own terms, *Franchot* applies only "once the decision of *an appellate court* establishes the law of the case . . . ." 572 F.3d at 191 (emphasis added). Here, there is no decision from an appellate court. Plaintiffs' reliance on the law-of-the-case doctrine fails across the board.

II. Plaintiffs' claims fail under Rule 12(b)(6).

A. Because the lease's forum selection clause does not apply to the non-AMCC Defendants, Plaintiffs' claims as to those Defendants are barred by the federal enclave doctrine.

As this Court recognized, it is a basic rule of contract law that non-parties to an agreement are not bound by that agreement's terms. Dkt. 55 at 32 (dismissing Plaintiffs' breach of contract claims against the non-AMCC Defendants). This is just as true for choice-of-law provisions as it is for any other contractual provisions. *Triad Int'l Maint. Corp. v. Guernsey Air Leasing, Ltd.*, 178 F. Supp. 2d 547, 552 (M.D.N.C. 2001) ("Given that AIB was not a party to the contract between TIMCO and Defendants, TIMCO's assertion that AIB is bound by the choice of law provisions set forth in the Agreement is without merit.").

This Court already held that the Plaintiffs' lease "was between the [Plaintiffs] as tenants and AMCC as the owner" and therefore the lease's terms could not be enforced "against any other defendant besides AMCC." Dkt. 55 at 32. Yet Plaintiffs continue to claim they can enforce the lease's choice-of-law provision against the non-AMCC defendants. They cannot. *See, e.g., Superior Edge, Inc. v. Monsanto Co.*, 964 F. Supp. 2d 1017, 1033 (D. Minn. 2013) ("[C]ontractual choice of law clauses do not govern entities that did not sign and are not bound by the contract containing the clause."); *Lufthansa Sys. Infratec GmbH v. Wi-Sky Inflight, Inc.*, 894 F. Supp. 2d 677, 680 n.4 (E.D. Va. 2012) ("Lufthansa and True Path are not parties to the Invention Rights Agreement; therefore, they … cannot be bound by the IRA's choice of law provision."); *Williams v. Deutsche Bank Sec., Inc.*, 2005 WL 1414435, at *5 (S.D.N.Y. 2005) ("Choice of law provisions do not apply to disputes between entities who were

3

not parties to the contract."); *State ex rel. Cooper v. W. Sky Fin., LLC*, 2015 WL 5091229, at *9 (N.C. Sup. Ct. 2015) ("[T]his Court is not persuaded that Plaintiff is bound by a choice of law provision in a contract to which it is not a party.") (citing *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)). Because the lease's choice-of-law provision cannot bind the non-AMCC Defendants, it does not (and cannot) shield Plaintiffs' claims from the federal-enclave doctrine.

Plaintiffs do not dispute that the federal-enclave doctrine bar these claims. Instead, they try to invoke an exception for "personal injury" claims. Dkt. 75 at 6. But they don't tell the whole story. With 28 U.S.C. § 5001(b), Congress provided "relief for death or personal—that is, *physical*—injuries caused by the neglect or wrongful act of another in a federal enclave." *Kelly v. Lockheed Martin Servs. Grp.*, 25 F. Supp. 2d 1, 8–9 (D.P.R. 1998) (emphasis added); *accord Colon v. United States*, 320 F. Supp. 3d 733, 747 (D. Md. 2018). To that end, current state law applies to personal-injury claims resulting from *physical* injury; legacy state law (at the time of federal acquisition) applies to all other claims, including those related to mental anguish or emotional harm, economic harm, or property damage.

While Plaintiffs make offhand references to alleged physical harm (*see, e.g.*, Fifth Complaint ¶¶ 2, 9, 55-56), they do not allege such harm as a basis for any claims, nor do they specifically seek to recover for any supposed injuries. Rather, nearly all of their alleged "injuries" relate to things like "out-of-pocket costs for repair, service, maintenance, diagnostic, sampling, mold assessment, or cleaning products" (*id.* ¶ 69), "overpayment of rent, as well as incurring out-of-pocket expenses" (*id.* ¶ 97), or

4

"discomfort, annoyance, aggravation, irritation, and loss of use and enjoyment of their home" (*id.* ¶ 103). The federal enclave doctrine is thus indisputably applicable.[1]

B. **Plaintiffs' allegations in the Fifth Complaint compound the confusion and inadequacy of their prior Complaints.**

Plaintiffs argue the Fifth Complaint presents the "same rendition of the facts" as their prior Complaints and provides Defendants adequate notice of their claims. Dkt. 75 at 6. The problem is that the supposed "rendition of the facts" involves contractual claims against all Defendants, even the non-signatory ones. Dkt. 69 at 10-11. Plaintiffs do not even attempt to defend these fatal deficiencies.

C. **Plaintiffs do not address, and thus concede, that their UDTPA claim fails because it merges with their breach of contract claim.**

Defendants argued Plaintiffs' UDTPA claim failed for two separate reasons: (1) the claim was insufficiently pleaded under Rule 9(b) (Dkt. 69 at 12); and (2) the claim was barred because it was based alone on contractual allegations (*id.* at 15).

Plaintiffs addressed only the first argument while ignoring the second. Plaintiffs do not even acknowledge the clear case law cited in Defendants' brief holding that the contractual nature of their allegations precludes their UDTPA claim. *Id.* at 16-17. "By not addressing this issue, they have conceded it." *U.S. Tobacco Coop., Inc. v. Certain Underwriters at Lloyd's*, 2021 WL 1341360, at *14 (E.D.N.C. 2021); *see also Kinetic Concepts, Inc. v. Convatec Inc.*, 2010 WL 1667285, at *8 (M.D.N.C. 2010) (recognizing the "general principle that a party who fails to address an issue has

---

[1] Further, to the extent Plaintiffs can invoke the physical injury exception at all, it is for only a small fraction of their overall allegations. The federal enclave doctrine still would bar recovery for the non-physical injuries alleged in Plaintiffs' Fifth Complaint.

5

conceded the issue") (collecting cases). Plaintiffs effectively concede the UDTPA claim merges with their breach of contract claim and it must be dismissed.

Moreover, Plaintiffs cannot maintain this argument is governed by the law-of-the-case doctrine. Defendants raised this argument for the first time in their motion to dismiss filed on August 23, 2022 (Dkt. 62 at 20)—nearly two months *after* this Court issued its prior Order (Dkt. 55). Plaintiffs were therefore required to respond to Defendants' argument, regardless of the law-of-the-case doctrine. Having failed to do so, and because established law clearly requires dismissal of the UDTPA claim, the Court should grant Defendants' motion to dismiss as to this claim.

### D. Plaintiffs' private nuisance claim fails because a property owner cannot be liable for a nuisance affecting only its own property.

Plaintiffs seek to avoid dismissal of their nuisance claim by arguing they have a sufficient property interest in the leased premises to maintain an action for nuisance. But that is only half the equation. Plaintiffs are not seeking to hold some third-party liable under a nuisance theory—they are seeking to hold Defendants, the property *owners*, liable. This, the law does not permit.

"[A] private nuisance exists in a legal sense when one makes an improper use of *his own property* and in that way injures the land or some incorporeal *right of one's neighbor.*" *In re NC Swine Farm Nuisance Litig.*, 2017 WL 5178038, at *3 (E.D.N.C. 2017) (emphases added). Private nuisance thus requires some form of neighbor-relationship, not landlord-relationship. Accordingly, a tenant cannot sue *a landlord* for a nuisance occurring on the *leased premises. See, e.g., Wiesman v. Hill*, 629 F. Supp. 2d 106, 114 (D. Mass. 2009) ("As a general matter, a tenant cannot sue [her]

own landlord for a nuisance on *the property that the tenant rents* from the landlord.") (emphasis added). This is well-established law. The Court should dismiss the private nuisance claim.[2]

    E.    Punitive damages are unavailable for the vast majority of Plaintiffs' claims and, moreover, Plaintiffs have not adequately pleaded the elements of punitive damages.

Plaintiffs do not contest that punitive damages are unavailable for their UDTPA, RRAA, and breach of contract claims. They merely assert that "[p]unitive damages are available for gross negligence," and they fault Defendants for citing "no case where a court dismissed punitive damages for gross negligence upon a motion to dismiss." Dkt. 75 at 8-9.

Plaintiffs are mistaken in two respects. First, they never alleged gross negligence as a basis for punitive damages in their Fifth Complaint. The Fifth Complaint alleges only two purported bases for punitive damages: (1) that "Defendants committed fraud;" and (2) that "Defendants committed reckless or malicious conduct." Dkt. 58 ¶¶ 113, 114. Defendants challenged these allegations in their motion, yet Plaintiffs utterly failed to respond, thus conceding Defendants' points. *U.S. Tobacco*, 2021 WL 1341360, at *14.[3]

---

[2] There remains some confusion over whether Plaintiffs are alleging *all* Defendants are owners of the leased premises. In a prior brief, Plaintiffs apparently conceded not all Defendants qualify as owners under North Carolina law. *See* Dkt. 64 at n.1. If Plaintiffs are alleging certain Defendants were not "owners" of the premises, their nuisance claim necessarily fails as to those Defendants because, as already explained, nuisance applies only "when one makes an improper use of *his own property*." *In re NC Swine Farm*, 2017 WL 5178038, at *3.

[3] Furthermore, to the extent Plaintiffs believe punitive damages are justified on fraud grounds, Plaintiffs failed to plead their fraud allegations with particularity under Rule 9(b). *See* Sec.II.C., *supra*.

Second, contrary to Plaintiffs' assertions, punitive damages are not available for mere "gross negligence." Such damages are available only where the plaintiff proves (1) fraud, (2) malice, or (3) willful or wanton conduct. N.C. Gen. Stat. § 1D-15(a)(1-3). In the context of punitive damages, "[w]illful or wanton conduct constitutes more than gross negligence." *Carland v. Jordan*, 2012 WL 3262939, at *2 (W.D.N.C. 2012). Plaintiffs' "gross negligence" allegations are therefore insufficient to support their punitive damages claim. *Id.* ("Because the Complaint is devoid of any factual allegations supporting a claim that Defendants acted with fraud or malice or engaged in willful or wanton conduct, Plaintiffs' punitive damages claims are subject to dismissal.").

But even considered on their merits, Plaintiffs' allegations still fail. For starters, Plaintiffs' "on information and belief" allegations are sheer legal conclusions entitled to no weight. *Id.* To be sure, elsewhere in the Fifth Complaint Plaintiffs allege they were dissatisfied with their home's condition and Defendants' repairs. *See* Dkt. 75 at 8 (complaining of their home was supposedly "falling apart at the seams" and being unsatisfied with Defendants' alleged "fail[ure] to follow any of the relevant standards to properly remediate the home"). But this is a far cry from the sort of egregiousness typically required for punitive damages. *See, e.g.*, *Collins v. St. George Physical Therapy*, 141 N.C. App. 82, 539 S.E.2d 356, 361 (Ct. App. 2000) (finding personal injury resulting from improper training/supervision and inadequate repairs of exercise equipment did not warrant punitive damages).

8

What's more, Plaintiffs candidly admit they will rely on discovery to flesh out Defendants' supposed egregious conduct. Dkt. 75 at 9. Plaintiffs have the pleading standard backwards. "Rule 8 'does not unlock the doors of discovery for a plaintiff'— she must state a plausible claim for relief before she is entitled to discovery." *Wells Fargo Bank, N.A. v. Scarlett*, 2013 WL 4401315, at *3, n.10 (D. Md. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Plaintiffs "shoot first, ask questions later" pleading style does not relieve them of their duty to comply with Rule 8.

These are fatal shortcomings. Punitive damages are an extraordinary remedy, and Plaintiffs must accordingly clear a high bar before seeking them. *Moore v. Wal-Mart Stores E., LP*, 2017 WL 11488631, at *1 (W.D.N.C. 2017). Because Plaintiffs failed to do so, their punitive damages allegations should be dismissed. *Id.*

F.  Plaintiffs' request for attorney fees' must be struck because their post-suit efforts, by definition, cannot satisfy the lease's *pre*-suit mediation requirement.

Plaintiffs rely on this Court's order in a separate case, *Burn v. Lendlease, et al.*, to argue they attempted to mediate their claims prior to filing suit. Dkt. 75 at 7. But the mediation efforts in *Burn* focused on Plaintiffs' class claims, not individual claims. Indeed, the filings in *Burn* readily demonstrate Defendant AMCC wanted to mediate individually with the Johnson family, but Plaintiffs refused to mediate just their individual claims before filing suit because of an "impasse in the *class* mediation process." Case No. 7:20-cv-00174-D, Doc. 21-3 at 3; Doc. 21-4 at 2; Doc. 21-8 at 2 (emphasis added). Plaintiffs then left the class action and did not bother to mediate, or even attempt to mediate, their claims before filing suit. The Court has already acknowledged as much. Dkt. 55 at 25.

9

Plaintiffs argue this is moot because the parties eventually mediated Plaintiffs' claims. Dkt. 75 at 7. But the entire point of pre-suit mediation is to avoid litigation. *N.C. Eye Bank, Inc. v. High Energy Ozone, LLC*, 2019 WL 6730961, at *4 (M.D.N.C. 2019) (explaining pre-suit mediation clauses reflect an "intent to complete mediation prior to litigation"). Here, Defendants were forced to engage in substantial litigation—including multiple rounds of motion practice and a hearing before a Magistrate Judge—before the Court *compelled* Plaintiffs to mediate their claims. The Court should therefore enforce the pre-suit mediation clause and bar Plaintiffs from recovering attorneys' fees. Dkt. 55 at 24 (recognizing that "the mediation provision in this case is a condition precedent to recovering attorneys' fees").[4]

## CONCLUSION

For these reasons, the Court should grant Defendants' Motion to Dismiss. The law-of-the-case doctrine simply does not apply to a prior motion to dismiss ruling. Additionally, Defendants' arguments here are substantively different than before. Removing the deficient counts under appropriate law would be consistent with the Court's prior rulings.

---

[4] Plaintiffs' footnote accusing Defendants of not engaging in good faith mediation is a red herring. The *post*-suit mediation has no bearing at all on Plaintiffs' failure to engage in mediation *before* filing suit, as required by the lease. But in any event, the accusation is egregiously false. It was *Plaintiffs*, not Defendants, who ended the mediation early. What's more, Plaintiffs' counsel misrepresents the substance of the mediation: Defendants' counsel never demanded the purported condition of counsel never suing Defendants. And Defendants' counsel already explained what it actually communicated to the mediator—which was well within the bounds of relevant ethical rules. Plaintiffs' counsel's misrepresentations are smoke and mirrors to distract the Court from Plaintiffs' deficient pleading and reliance on irrelevant law.

Dated: February 21, 2023											Respectfully submitted,

/s/ Patrick M. Mincey
Patrick M. Mincey
N.C. Bar No. 38372
Stephen J. Bell
N.C. Bar No. 44211
CRANFILL SUMNER LLP
5535 Currituck Drive, Suite 210
Wilmington, NC 28403
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
pmincey@cshlaw.com
sbell@cshlaw.com

*Local Civil Rule 83.1 Counsel for Defendants*

/s/ Michael Klebanov
Michael Klebanov
Hal J. Perloff
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006-3606
Telephone: (202) 378-2300
hal.perloff@huschblackwell.com
michael.klebanov@huschblackwell.com

*Attorneys for Defendants*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:21-CV-00188-D

| | |
|---|---|
| S.J., T.J, and S.L.J., minors, by their Guardian *ad Litem*, Lindsey Johnson; SCOTT JOHNSON; and LINDSEY JOHNSON, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| LENDLEASE (US) PUBLIC PARTNERSHIPS LLC; ATLANTIC MARINE CORPS COMMUNITIES LLC; and AMCC PROPERTY MANAGEMENT LLC, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to Rule 5(b)(2)(e) of the Federal Rules of Civil Procedure, the undersigned has this day electronically filed the attached *Reply Memorandum in Support of Motion to Dismiss* with the Clerk of Court using the CM/ECF System, which will automatically send notice of electronic filing to the following counsel:

>Michael K. Perry
>Holden K. McLemore
>Perry & Brandt
>P.O. Box 2108
>Wake Forest, N.C. 27588
>mperry@perrybrandtlaw.com
>hmclemore@perrybrandtlaw.com
>*Attorneys for Plaintiffs*

12

Kristina S. Baehr
Just Well Law, PLLC
2606 W. 8th Street, Unit 1
Austin, TX 78703
kristina@well.law
*Attorney for Plaintiffs*

Dated: February 21, 2023

/s/ Patrick M. Mincey
Patrick M. Mincey
N.C. Bar No. 38372
Stephen J. Bell
N.C. Bar No. 44211
CRANFILL SUMNER LLP
5535 Currituck Drive, Suite 210
Wilmington, NC 28403
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
pmincey@cshlaw.com
sbell@cshlaw.com

*Local Civil Rule 83.1 Counsel for Defendants*

/s/ Michael Klebanov
Michael Klebanov
Hal J. Perloff
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006-3606
Telephone: (202) 378-2300
hal.perloff@huschblackwell.com
michael.klebanov@huschblackwell.com

*Attorneys for Defendants*