IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:21-CV-00188-D

S.J., T.J, and S.L.J.,  )
minors, by their Guardian *ad Litem*,  )
Lindsey Johnson; SCOTT JOHNSON;  )
and LINDSEY JOHNSON,  )
  )
    Plaintiffs,  )    REPLY IN SUPPORT OF
  )    MOTION FOR
v.  )    COSTS AND FEES
  )    UNDER 28 U.S.C § 1927
  )    AND ALTERNATIVE
  )    MOTION FOR LEAVE TO
LENDLEASE (US) PUBLIC  )    FILE SUR-SURREPLY
PARTNERSHIPS LLC;  )
ATLANTIC MARINE  )
CORPS COMMUNITIES LLC; and  )
AMCC PROPERTY  )
MANAGEMENT LLC,  )
  )
    Defendants.  )

    Plaintiffs' counsel's attempt to excuse her conduct and minimize the prejudicial effect of her improper "amended response" underscores Plaintiffs' counsel's lack of candor toward Defendants and the Court. Because Plaintiffs have repeatedly flouted the Federal and local rules in a way that harms the Defendants and unreasonably multiplies these proceedings, the Court should award Defendants their costs and fees incurred in addressing Plaintiffs' "amended response" or, at a minimum, grant Defendants leave to file a sur-surreply in support of the motion to stay.

1

Discussion

Plaintiffs' counsel chalks up the amended response to a mere effort to "correct" an error. Dkt. 82 at 2. The Court and Defendants have seen this before. Last year, Plaintiffs improperly filed a "corrected" complaint after Defendants moved to dismiss their earlier complaint. Dkt. 63. Plaintiffs' counsel cannot keep feigning ignorance of the Rules while employing virtually the same tactic.

This is particularly so given that Defendants alerted Plaintiffs' counsel to the impropriety of her amended response and afforded her an opportunity to withdraw it. At that time, Plaintiffs' counsel took the stance that the amended response did not address Defendants' reply brief at all and was therefore properly filed. Counsel claimed the amended response was limited to arguments "that [Plaintiffs] would have addressed had the first version been filed on the date intended." Dkt. 80-2 at 2. Yet after being faced with a motion for costs and fees, Plaintiffs' counsel finally fessed up and admitted the amended response raised arguments directed at Defendants' reply brief. Dkt. 82 at 2 ("Plaintiffs *quoted* and *cited* to the defendants reply").

Nonetheless, Plaintiffs' counsel advocates a "no harm, no foul" approach to violations of the Rules. Plaintiffs' counsel similarly makes the outrageous claim that her amended response was "aimed at *reducing* the proceedings by preventing the defendants from attempting to relitigate matters that this Court has already decided." Dkt. 82 at 3. This second-bite-at-the-apple tactic—or, in Plaintiffs' case, yet another gnaw at the orchard—does nothing to reduce the proceedings.

2

Finally, Plaintiffs' counsel minimizes her gamesmanship and argues costs are unwarranted for a mere "unintentional violation of a local procedural rule." Dkt. 82 at 4. But, noticeably, Plaintiffs' counsel does not address Defendants' larger point that her repeated improper filings have formed a discernible pattern. *See* Dkt. 80 at 2 (detailing Plaintiffs' history of disregarding the Federal and local rules).

The clear tactical advantage gained from filing this "amended response" casts doubt on just how "unintentional" the violation truly was. Given these repeated violations, the fact that Plaintiffs' counsel did not inform Defendants or the Court of her supposed erroneous filing or seek leave to file a sur-reply, and the deliberate placement of Plaintiffs' new arguments in footnotes, the amended response appears to be an instance of "studied disregard for the orderly process of justice." *Tri-Con, Inc. v. Volvo Trucks N. Am., Inc.*, No. 1:06CV577, 2008 WL 4849523, at *3 (M.D.N.C. Nov. 4, 2008), *report and recommendation adopted*, No. 1:06CV577, 2009 WL 103653 (M.D.N.C. Jan. 14, 2009).

Plaintiffs' counsel's request to refile the amended response as a sur-reply should be rejected out of hand. Plaintiffs have had every opportunity to seek leave to file a sur-reply, including when Defendants pointed out the error to them before filing their motion for costs and fees. Plaintiffs' request for leave at this juncture is simply too little too late.

## Conclusion

The Court should disregard in its entirety Plaintiffs' "amended response" and award Defendants their costs and fees incurred in bringing this violation of the Rules

3

to the Court's attention. Alternatively, Defendants request the Court grant them leave to file a substantive sur-surreply addressing the arguments raised in Plaintiffs' "amended response."

Dated: March 6, 2023

/s/ Patrick M. Mincey
Patrick M. Mincey
N.C. Bar No. 38372
Stephen J. Bell
N.C. Bar No. 44211
CRANFILL SUMNER LLP
5535 Currituck Drive, Suite 210
Wilmington, NC 28403
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
pmincey@cshlaw.com
sbell@cshlaw.com

*Local Civil Rule 83.1 Counsel for Defendants*

/s/ Hal J. Perloff
Hal J. Perloff
Michael Klebanov
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006-3606
Telephone: (202) 378-2300
hal.perloff@huschblackwell.com
michael.klebanov@huschblackwell.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:21-cv-00188-D

| | |
|---|---|
| S.J., T.J, and S.L.J.,<br>minors, by their Guardian *ad Litem*,<br>Lindsey Johnson; SCOTT JOHNSON;<br>and LINDSEY JOHNSON,<br><br>      Plaintiffs,<br><br>      v.<br><br>LENDLEASE (US) PUBLIC<br>PARTNERSHIPS LLC;<br>ATLANTIC MARINE<br>CORPS COMMUNITIES LLC; and<br>AMCC PROPERTY<br>MANAGEMENT LLC,<br><br>      Defendants. | CERTIFICATE OF SERVICE |

    This is to certify that, pursuant to Rule 5(b)(2)(e) of the Federal Rules of Civil Procedure, the undersigned has this day electronically filed the attached *Reply in Support of Motion for Costs and Fees Under 28 U.S.C. § 1927 and Alternative Motion for Leave to File Sur-Surreply* with the Clerk of Court using the CM/ECF System, which will automatically send notice of electronic filing to the following counsel:

    Michael K. Perry
    Holden K. McLemore
    Perry & Brandt
    P.O. Box 2108
    Wake Forest, N.C. 27588
    mperry@perrybrandtlaw.com
    hmclemore@perrybrandtlaw.com
    *Attorney for Plaintiffs*

Kristina S. Baehr
Just Well Law, PLLC
2606 W. 8th Street, Unit 1
Austin, TX 78703
kristina@well.law
*Attorney for Plaintiffs*

Dated: March 6, 2023

/s/ Patrick M. Mincey
Patrick M. Mincey
N.C. Bar No. 38372
Stephen J. Bell
N.C. Bar No. 44211
CRANFILL SUMNER LLP
5535 Currituck Drive, Suite 210
Wilmington, NC 28403
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
pmincey@cshlaw.com
sbell@cshlaw.com

*Local Civil Rule 83.1 Counsel for Defendants*

/s/ Hal J. Perloff
Hal J. Perloff
Michael Klebanov
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006-3606
Telephone: (202) 378-2300
hal.perloff@huschblackwell.com
michael.klebanov@huschblackwell.com

*Attorneys for Defendants*